IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for C'ville
NOV 29 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
     DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 3:05cr00046 |
| v. | ORDER and OPINION |
| GENEVA GILLIAM, | |
| *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's purported Waiver of Speedy Trial, filed on November 27, 2006 (docket entry no. 34) and Defendant's Motion for Continuance, filed on November 28, 2006 (docket entry no. 35). For the reasons stated below, the Waiver of Speedy Trial is deemed moot and the motion to continue will be GRANTED.

A jury trial in this case was originally set for November 30, 2006. Following the proceedings in Defendant's competency hearing held on November 16, 2006, the Court held that Defendant is competent to stand trial. The parties agreed at the proceedings that Defendant would likely plead guilty.

Defendant here has submitted a document entitled "Waiver of Speedy Trial" that requests a continuance from November 30, 2006 until December 13, 2006 and attempts to waive her rights under the Speedy Trial Act. The Court cannot grant the "Waiver of Speedy Trial" or sign the proposed order. With very limited exceptions, a criminal defendant does not have the ability to waive the time limitations imposed by the Speedy Trial Act. *See, e.g., United States v. Keith*, 42 F.3d 234, 238 (4th Cir. 1994). The public has an interest in a defendant having a speedy trial,

and, logically, the defendant cannot waive an interest not held by her. *See id.* ("The reasoning behind this general rule rests on the notion that a defendant cannot waive the public's interest in a speedy trial."); *see also United States v. Willis*, 958 F.2d 60, 63 (5th Cir. 1992) (stating that "[t]he Act is intended both to protect the defendant from undue delay in his trial and to benefit the public by ensuring that criminal trials are quickly resolved. Allowing the defendant to waive the Act's provisions would compromise the public interest in speedy justice" and that "[t]he Act's central intent to protect society's interests requires that a defendant's purported waiver of his rights under the Act be ineffective to stop the speedy trial clock from running").

Because Defendant here cannot waive any time limitations imposed by the Speedy Trial Act, the Court cannot address that document or the proposed order that was submitted with it.

Defendant has, however, submitted a motion for a continuance that includes several facts that allow the Court to find that the ends of justice served by granting a continuance in this case outweigh the best interests of the public and Defendant in a speedy trial. The Defendant's competency hearing was less than two weeks ago; the parties began engaging in substantive plea negotiations following the Court's order that Defendant was competent to stand trial; and although plea negotiations have been ongoing, they were interrupted by the Thanksgiving holiday. Therefore, the limited amount of time between the competency hearing and the original trial date has not left enough time for Defendant and the Government to finalize the plea agreement. As such, Defendant's motion to continue will be GRANTED.

Accordingly, it is hereby ORDERED that:

(1) Defendant's trial date be continued until December 13, 2006, at 9:00 a.m. and

(2) the Speedy Trial Act time limit in this matter be continued from November 27, 2006, until December 13, 2006.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Defendant.

ENTERED: *[signature]*
United States District Judge

Nov. 29, 2006
Date